### MORAN et al. v. MORGAN et al.

(Circuit Court of Appeals, Second Circuit. April 16, 1919.)

#### No. 193.

BANKRUPTCY ⬦165(2)—PROPERTY PASSING TO TRUSTEE—FRAUDULENT CONVEYANCE BY BANKRUPT.

A voluntary conveyance of property by a bankrupt to his wife when insolvent *held* not in execution of a parol trust imposed by his grantor, and fraudulent as to his creditors.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by William L. Moran, trustee in bankruptcy of Charles Hobart Morgan and Albert B. Morgan, individually, as composing the firm of Morgan Bros., against Charles Hobart Morgan, Harriet M. Morgan, and the Blue Bird Motor Cab Company. Decree for complainant, and defendants Morgan appeal. Affirmed.

See, also, 252 Fed. 719, 164 C. C. A. 559.

Michael J. Tierney, of New Rochelle, N. Y., for complainant.

Samuel F. Swinburne, of New Rochelle, N. Y. (Richard Leo Fallon, of New Rochelle, N. Y., of counsel), for defendants.

Before WARD, ROGERS, and MANTON, Circuit Judges.

PER CURIAM. The explanation given by Charles V. Morgan of his affidavit dated March 25, 1909, is not very convincing, but in view of the manner in which Harriet M. Morgan concealed the document, even from her own attorney, down to the trial, we can have no confidence in it, and lay it out of the case altogether.

The real issue is between the testimony of Charles V. Morgan, who says he did not intend to prefer his son Charles H. Morgan or his

wife and children over his son Albert B. Morgan, who had no children, and the testimony of his attorney, Samuel V. Swinburne, who says he did intend to provide for the four Morgan boys. Assuming Mr. Swinburne's account to be correct, we are quite satisfied that Charles V. Morgan did not intend the stable premises to become, as stated in the fourth article of the answer, "the property of the defendant Harriet M. Morgan and the children of said Charles H. Morgan and Harriet M. Morgan, subject to the use of the same by the defendant Charles H. Morgan and Albert B. Morgan, composing the firm of Morgan Bros., so long as they should remain in business and require the use of the same."

Mr. Swinburne, as attorney for Charles V. Morgan, drew the deed of the premises dated February 9, 1909, in fee to Charles H. Morgan, with a limited estate to Albert B. Morgan, saying nothing whatever about Harriet M. Morgan or the children, and when he subsequently, as attorney for Charles H. Morgan, drew his deed for the premises dated September 30, 1913, which should have effectuated the intention of Charles V. Morgan, he made it direct to Harriet M. Morgan in fee, without any mention whatever of the children.

We accordingly conclude that, if Charles V. Morgan intended to prefer Harriet M. Morgan and the children, he intended to do so through Charles H. Morgan, who as he thought was entirely solvent, relying upon his natural disposition as husband and father to dispose of the premises for the benefit of his wife and children. Such a conveyance would not be good against his creditors.

The decree is affirmed.